# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**DARREN EUGENE HENDERSON**                                               **PETITIONER**
Reg. #07143-198

VS.                    CASE NO. 2:10CV00088 JLH/BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                    **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Chief Judge J. Leon Holmes.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  Introduction:

Darren Eugene Henderson, an inmate in the Bureau of Prisons ("BOP"), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the execution of his federal sentence.  (Docket entry #1)  Respondent has responded to the petition (#8), and Petitioner has replied.  (#9) Petitioner has also filed a brief in support of his petition (#7).  For the following reasons, the Court recommends that the District Court DENY and DISMISS the petition with prejudice.

## III.  Background:

On March 24, 1998, federal authorities arrested Petitioner after investigating a bank robbery.  Petitioner was subsequently found guilty of three counts of armed bank robbery in Nevada.  On October 18, 1999, the United States District Court for the District of Nevada sentenced Petitioner to a one-hundred-seventy-five-month term of imprisonment.  The Court remanded Petitioner to the custody of the United States Marshal, who transferred him to the Eastern District of Louisiana where he faced additional federal bank-robbery charges.

On August 15, 2001, the United States District Court for the Eastern District of Louisiana sentenced Petitioner to a one-hundred-sixty-two-month term of imprisonment for bank robbery.  The Court ordered this sentence to run concurrently with Petitioner's Nevada sentence.  The BOP took custody of Petitioner on September 19, 2001.

As grounds for relief, Petitioner alleges that the BOP failed to properly calculate his pre-sentence custody credits. (#1) He alleges that under 18 U.S.C. § 3585(b), he is entitled to pre-sentence custody credit for the time he spent in custody between the imposition of the Nevada and Louisiana sentences.[1] Respondent argues that the BOP correctly calculated Petitioner's pre-sentence custody credit. Respondent also argues that Petitioner is not entitled to the pre-sentence credit he seeks because the time was already credited against Petitioner's Nevada sentence. (#8, p. 4)

IV.     **Discussion:**

The Attorney General, through the BOP, has responsibility for computing federal sentencing credit and determining the commencement of sentences under 18 U.S.C. § 3585. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)). The Court reviews the BOP's decisions for abuse of the agency's "substantial discretion." *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

Pre-sentence credit determinations are made after an inmate has begun serving his or her sentence. *Tindall*, 455 F.3d at 888. If an inmate disagrees with the BOP's computation, the proper avenue for review is first administratively, through the BOP, then through a federal habeas corpus action, under 28 U.S.C. § 2241. *Id*.

---

[1] Both are federal sentences.

3

Here, Petitioner appropriately sought relief through the BOP's administrative review process prior to filing his habeas corpus petition. Thus, Petitioner's pre-sentence custody credit issue is properly before this Court. Unfortunately for Petitioner, however, it appears he has already received all the custody credit to which he is entitled.

### A.     Sentence Commencement and Aggregation

Under 18 U.S.C. § 3584(c), multiple terms of imprisonment are treated, for administrative purposes, as a single, aggregate term of imprisonment. The BOP aggregated Petitioner's two federal sentences consistent with the guidelines provided in BOP Program Statement 5880.28. This calculation resulted in an aggregate sentence of fifteen years, three months, and twenty-eight days.

The BOP commenced Petitioner's aggregate sentence on October 18, 1999, the date his Nevada sentence was imposed. The aggregate term was longer than either individual term because Petitioner's concurrent Louisiana sentence could not have commenced before August 15, 2001, the date it was imposed. See *Mills v. Quintana*, 2010 WL 5027166, *2 (3rd Cir. 2010) (unpublished) (under 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28, a federal sentence of imprisonment cannot commence earlier than the date it is imposed).

As a result of the later commencement date, Petitioner's Louisiana sentence effectively lengthened Petitioner's total expected incarceration time by approximately nine months. (#8, p.5; #8-1, p. 28) This Court cannot find any error in the BOP's

determination of the commencement of Petitioner's sentence commencement or in its calculation of his sentence.

### B. Pre-Sentence Custody Credit

The BOP has now credited Petitioner with 573 days of pre-sentence custody credit. (#8-1, p. 26) This 573-day credit spans from Petitioner's arrest on March 24, 1998, until October 17, 1999, the day before commencement of Petitioner's Nevada sentence.

Petitioner seeks additional pre-sentence custody credit for the time he served between the imposition of his Nevada sentence on October 18, 1999, and his Louisiana sentence on August 15, 2001. (#1, p. 4) He is not entitled to any more credit, however, than he has already received for two reasons.

First, Petitioner is seeking pre-sentence custody credit for time served after the commencement of his Nevada sentence. The BOP's commencement computation began on October 18, 1999. (#8-1, p. 26) It is axiomatic that pre-sentence custody credit is not available for post-sentence, post-commencement time.

Second, Petitioner already has received credit for this time, as it was applied to his aggregate sentence. (#8-1, p 26) Section 3585(b) makes it clear that a prisoner cannot receive double credit for detention time. See *Wilson*, 503 U.S. at 337. Accordingly, Petitioner is not entitled to the additional credit he requests.

## V.   Conclusion:

For the reasons stated, the Court finds no merit in Petitioner's grounds for habeas copus relief.  Accordingly, this Court recommends that the District Court DENY and DISMISS Darren Eugene Henderson's Petition for Writ of Habeas Corpus (#1), with prejudice.

DATED this 15th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE